865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Carlos Macias NIETO, Defendant-Appellant.
 No. 87-7660.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1988.
Decided: Dec. 27, 1988.
Rehearing and Rehearing In Banc Denied Feb. 1, 1989.
 
 Luis Carlos Macias Nieto, appellant pro se.
 Glenda Gay Gordon (Office of the United States Attorney), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Luis Carlos Macias Nieto, a federal inmate, appeals the order of the district court denying his motion to correct an illegal sentence brought pursuant to Rule 35(a), Fed.R.Crim.P. In his motion Nieto argued that he could not be given consecutive sentences for convictions for conspiracy under 21 U.S.C. Sec. 846, and for the substantive offense under 21 U.S.C. Sec. 841(a)(1). The district court denied relief. We affirm.
 
 
 2
 Nieto first contends that the double jeopardy clause of the fifth amendment to the Constitution prohibits this consecutive sentencing. Second, he argues that 18 U.S.C. Sec. 3584, created as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, requires that his sentences be concurrent. Nieto's claims are without merit.
 
 
 3
 In Iannelli v. United States, 420 U.S. 770 (1975), the Supreme Court held that a conspiracy may be punished separately from the substantive offense which was the object of the conspiracy. The trial court's imposition of consecutive sentences, therefore, was not improper. See also United States v. Ocanas, 628 F.2d 353, 361-62 (5th Cir.1980) (trial court could properly impose consecutive sentences for convictions for conspiracy to possess and possession of marijuana), cert. denied, 451 U.S. 984 (1981). Additionally, 18 U.S.C. Sec. 3584 applies only to offenses committed on or after November 1, 1987. See Section 2 of the Sentencing Act of 1987, Pub.L. No. 100-182, 101 Stat. 1266 (1987). The statute has no applicability to Nieto's crimes which were committed well before that date.
 
 
 4
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the order of the district court denying relief.
 
 
 5
 AFFIRMED.